IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CAILEY JONES, | Case No. 2:20-CV-607 |
| Plaintiff, | **CIVIL COMPLAINT** |
| vs. | J. |
| EAT'N PARK HOSPITALITY GROUP, | |
| Defendant. | |

### COMPLAINT IN CIVIL ACTION

AND NOW comes the Plaintiff, Cailey Jones, by and through her trial attorney, Erik M. Yurkovich, Esq., who files this Civil Complaint pursuant based upon the following.

### I. PARTIES

1. The Plaintiff is Cailey Jones ("Jones") former employee of Defendant who resides at 107 East Littlewood Street, Pgh. PA 15223.

2. The Defendant is Eat'n Park Hospitality Group ("Eat'n Park"), former employer of Plaintiff, that has a principle place of business of 285 E. Waterfront Dr. Homestead, Pennsylvania 15120.

### II.   JURISDICTION

3. Plaintiff exhausted administrative remedies through the Equal Employment Opportunity Commission ("EEOC") and filed this Complaint timely.

4. Plaintiff brings a case of pregnancy discrimination pursuant to Title 42 U.S.C. § 2000, et seq., Title VII of the Civil Rights Act of 1964 and pregnancy related Retaliation.

### III.   FACTS

5. Jones is an adult female over the age eighteen (18).

6. In February of 2019, Jones applied for employment with Eat'n Park at 849 Freeport Rd., Pgh., PA 15238 located in Waterworks Mall.

7. Jones applied for a take-out server position.

8. Jones interviewed with general manager, Larry.

9. Jones began working for Eat'n Park at the end of March of 2019.

10. Jones worked full-time, 5 days a week, either a 9 a.m. to 4 p.m. shift or 4 p.m. to 10 p.m. shift.

11. Jones primarily worked inside at a take-out window.

12. Jones performed food preparation and delivered take-out orders through the window or the front counter.

13. A week after working for Eat'n Park, Jones learned she was pregnant and notified her managers, including Larry, Dave and Andrew.

14. Larry said there was no problem.

15. In April of 2019, Jones began to experience swelling and fatigue at work.

16. Jones asked Andrew and Larry if she could use a chair, but Andrew and Larry denied her request without providing a reason.

17. Jones also requested breaks to sit and eat and Andrew refused the request.

18. On April 25, 2019, Larry served Jones with a written warning for calling off three (3) hours before her shift due to pregnancy related sickness.

19. Jones believes and acers that she followed the call-off policy and the discipline was a pretext for discrimination.

20. In May of 2019, Jones began working the 10 a.m.-8 p.m. shift on Sundays in addition to her previous shifts.

21. On June 1, 2019, Jones's fiancé, Isaiah Wolfe ("Wolfe") talked to Andrew about scheduling around a doctor's appointment that was previously approved.

22. Andrew told Wolfe, "I don't care if she's pregnant, she should be able to do her job."

23. Afterward, Wolfe called and complained on his partners behalf to a female Human Resources representative at T: 412-461-2000.

24. Wolfe complained about violations of "The Pregnancy Act."

25. Wolfe complained about what was happening was "illegal."

26. Wolfe complained about discrimination: Struggles with managers keeping doctor's appointments, managers bullying Jones, and Jones being written up because of her pregnancy.

27. On or about June 10, 2019, Andrew served Jones with a written warning for attending a previously approved doctor's appointment on June 1, 2019.

28. The appointment was previously approved by Larry a month prior.

29. On or about June 14, 2019, Dave told Jones, "Be careful, Larry is out to get you."

30. On or about June 20, 2019, Larry served Jones with a third written warning for an alleged error with a food order.

31. The discipline was a pretext for discrimination, because Jones made no mistake.

32. Larry threw out half of a customer's order, resulting in half needing to be remade and the other half getting cold.

33. Also in June of 2019, Larry made unwelcome pregnancy related comments telling Jones that she was using the bathroom too much.

34. On or about June 23, 2019, Larry met with Jones and told her she was terminated for her third warning.

35. Afterwards, Jones called and complained to Human Resources about being "pregnant" and "unjustly terminated."

36. Defendant did not take any corrective action and approved of the termination of employment.

37. Jones was terminated during her 7th month of pregnancy and lost valuable wages.

38. The right and just conclusion is that Jones was terminated as a result of her pregnancy and complaining about pregnancy discrimination.

## COUNT I: PREGNANCY DISCRIMINATION

39. Jones repeats all prior factual allegations herein.

40. Jones is a female and pregnant.

41. Jones followed policy and performed well.

42. Jones was targeted and harassed because of her pregnancy.

43. Jones was denied reasonable accommodations for symptoms.

44. As a direct result of discrimination, Jones was disciplined and terminated.

45. The offered reasons were pretexts for discrimination.

46. Jones requests all available relief for willful and malicious violations of federal law, compensatory and punitive damages, costs, fees and attorney fees.

## COUNT II: RETALIATION

47. Jones repeats all prior allegations herein.

48. Jones complained to about pregnancy discrimination.

49. Defendant took no corrective action and the discrimination and harassment continued unabated.

50. Within a short proximity of time after complaining, Plaintiff was terminated.

51. There was no legitimate reason for the termination.

52. Plaintiff contacted Defendant but unsuccessfully tried to be reinstated.

53. Jones requests all available damages, including Punitive Damages, for willful violations of federal law, all costs and fees and attorney fees.

WHEREFORE Plaintiffs prays for a judgment against the Defendant and all available relief and damages for willful and malicious violations of federal law, costs fees and attorney fees.

## JURY TRIAL DEMANDED

Respectfully submitted,

*/s/ Erik M. Yurkovich*

ERIK M. YURKOVICH, ESQ.
Attorney at Law
PA. I.D. No. 83432
207 Pine Creek Road
Building 1, Suite 201
Wexford, Pennsylvania 15090
T: 724.933.9199